## Case No. 14,659.

### UNITED STATES v. BROWN.

[4 Cranch, C. C. 333.] 1

Circuit Court, District of Columbia. Oct. Term, 1833.

COMMITMENT—OFFENCE—INDICTMENT FOR BREAKING JAIL.

A commitment not stating on its face any offence, is not evidence of a commitment for felony, although written on the back of a warrant

1 [Reported by Hon. William Cranch, Chief Judge.]

of arrest charging a felony, but not referring to it.

[Cited in Erwin v. U. S., 37 Fed. 486.]

Indictment for breaking gaol, when committed for felony in stealing a saddle. The commitment did not state any offence, but was written on the back of the warrant of arrest, which charged a felony. The commitment did not refer to the warrant of arrest.

THE COURT (nem. con.) said, that it was no evidence of a commitment for felony.

Verdict, not guilty.

---

## Case No. 14,660.

### UNITED STATES v. BROWN.

[4 Cranch. C. C. 508.] 1

Circuit Court, District of Columbia. March Term, 1835.

CRIMINAL LAW — EVIDENCE—ADMISSIONS — EXAMINATION BY MAGISTRATE.

[Cited in State v. Young (Mo. Sup.) 12 S. W. 881.]

---

## Case No. 14,661.

### UNITED STATES v. BROWN.

[4 Cranch, C. C. 607.] 1

Circuit Court, District of Columbia. Nov. Term, 1835.

WITNESS—RESTORATION OF COMPETENCY—SERVING OUT SENTENCE.

Serving out the term of imprisonment in the penitentiary for felony, does not restore the party to his competency as a witness.

Indictment [against John Brown, a mulatto] for highway robbery of George Milburne. The attorney for the United States offered to examine, as a witness for the United

1 [Reported by Hon. William Cranch, Chief Judge.]

States, one Sandy Spriggs, a free mulatto who had been convicted of larceny. and suffered his term of imprisonment and labor in the penitentiary of this district.

The prisoner's counsel objected that the witness was incompetent because convicted of an infamous offence.

The attorney for the United States, contended that the suffering of his punishment restored his competency; like burning in the hand, and transportation which is a substitute for the burning, and which by the statute of 19 Geo. III. and 4 Geo. I. c. 11, is to have the same effect. He also cited 4 Starkie, Ev. 717; 1 Chit. 601, 602; and 2 Russ. 594, 595.

THE COURT, however (THRUSTON, Circuit Judge, dissenting), sustained the objection and rejected the witness; being of opinion that the execution of the sentence, without any provision by statute to that effect, did not restore his competency.

The prisoner was acquitted.

The witness, Sandy Spriggs, was afterwards convicted of the same robbery, and sentenced to the penitentiary for four years only; he having probably prevented the other robbers from killing Milburne.

NOTE. See, also, the Maryland act of 1793, c. 57, § 15, by which the service and labor, imposed as a punishment under that act, have the effect of a pardon; from which special enactment it is to be inferred that without it, the punishment would not operate as a pardon.